UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN LOCKETT** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 19-14782 |
| **DOYLE DICKERSON TERRAZZO, INC.** | * | SECTION "L" (5) |
| | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

## ORDER AND REASONS

Before the Court is Defendants Doyle Dickerson Terrazzo, Inc. and Middlesex Insurance Company's Motion for Summary Judgment, R. Doc. 42. Plaintiff John Lockett opposes the motion. R. Doc. 82. Defendants filed a reply to Plaintiff's opposition and Plaintiff filed a supplemental memorandum in opposition. R. Docs. 86, 92. Having considered the briefing and the applicable law, the Court now rules as follows.

### I. BACKGROUND

This case arises from an alleged November 2018 trip-and-fall accident at the Louis Armstrong New Orleans International Airport ("MSY") while it was under construction. R. Doc. 1-5 at 1–2. Plaintiff John Lockett ("Plaintiff"), a Louisiana resident, was working at MSY as an employee of Metro Service Group, Inc (part of the HGBM Joint Venture). Plaintiff alleges he was walking toward a restroom in Concourse B with a coworker when, suddenly and without warning, his foot got caught on an "improperly and unevenly placed" Masonite board and he fell. R. Doc. 1-5 at 2. Plaintiff contends that employees of Defendant Doyle Dickerson Terrazzo, Inc. ("DDT"), a foreign corporation authorized to do business in Louisiana, improperly placed the Masonite boards. *Id.* Plaintiff alleges that his fall caused serious physical injuries and medical expenses,

1

including back surgery. *Id.* Plaintiff avers that DDT is responsible for his injuries because the Masonite boards rendered the area hazardous and its employees failed to place warning signs. *Id.* Plaintiff also brings claims against Middlesex Insurance Company ("Middlesex"), DDT's insurer, holding Middlesex jointly and severally liable. *Id.* Plaintiff filed suit in the District Court for the Parish of Jefferson, and DDT timely removed this case to federal district court under diversity jurisdiction. R. Doc. 1 at 1. DDT then filed its Answer to Plaintiff's Petition for Damages, denying Plaintiff's allegations and asserting various affirmative defenses. R. Doc. 3.

II.     **PRESENT MOTIONS**

   a. ***Defendants' Motion for Summary Judgment***

DDT and Middlesex (collectively "Defendants") bring the present Motion for Summary Judgment. R. Doc. 42. Defendants argue that Plaintiff cannot satisfy his burden of proof because there is no factual or legal basis to show that DDT is liable for Plaintiff's injuries. *Id.* at 2. First, Defendants claim that DDT did not owe a duty to Plaintiff because it was Plaintiff's duty to observe and monitor his surroundings. R. Doc. 42-1 at 17. Second, Defendants claim Plaintiff's inattentiveness, namely his failure to look down as he was walking, was the sole and proximate cause of his alleged accident. *Id.* Third, Defendants contend that the Masonite on which Plaintiff fell did not constitute an unreasonable risk of harm. *Id.* at 4-5, 22. Fourth, Defendants argue that the failure of other companies' employees to discover or report the alleged condition of DDT's Masonite was an intervening and superseding cause of the accident. *Id.* at 22. Fifth, Defendants contend DDT is immune from tort liability under La. R.S. § 9:2771 because DDT merely complied with the plans and specifications of the construction project. *Id.* at 23. Finally, Defendants claim that Plaintiff is limited to workers' compensation as his exclusive remedy under La. R.S. § 23:1032 and may not sue DDT for damages. *Id.* at 24.

### b. *Plaintiff's Opposition*

Plaintiff asserts that genuine disputes of material fact remain regarding each of Defendants' alleged grounds for summary judgment. R. Doc. 82 at 1; R. Doc. 92 at 3-4.

## III. APPLICABLE LAW

### a. *Rule 56 Standard for Summary Judgment*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts

drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50.

### b. *Negligence Under Louisiana Law*

Louisiana Civil Code Article 2315 provides a cause of action for negligence, stating that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315(a). Louisiana courts require a plaintiff in a negligence case to prove:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.

*Carroll v. Am. Empire Surplus Lines Ins. Co.*, 289 F. Supp. 3d 767, 770 (E.D. La. 2017). Whether a duty exists and whether the duty "extends to protect a particular plaintiff from a particular harm" are questions of law. *McLachlan v. New York Life Ins. Co.*, 488 F.3d 624, 627 (5th Cir. 2007). In determining the existence and extent of a duty, Louisiana law considers

> moral, social, and economic factors, including: 1) whether the imposition of a duty would result in an unmanageable flow of litigation; 2) the ease of association between the plaintiff's harm and defendant's conduct; 3) the economic impact on society and similarly situated parties; 4) the nature of the defendant's activity; 5) moral considerations, particularly victim fault; 6) precedent; and 7) the direction in which society and its institutions are evolving.

*Id.* at 627-28.

Further, Louisiana law provides for consideration of the plaintiff's or another party's comparative fault:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute . . . or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person . . . the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

La. Civ. Code art. 2323. Thus, if a defendant shows that a plaintiff was partly or wholly responsible for his own injury, the defendant's liability is reduced or eliminated.

### c. Contractor Immunity Under La. R.S. § 2771

Louisiana law excuses contractors from liability for defects in their work if the work was conducted according to, and the defect was caused by, plans made by others. La. R.S. § 9:2771 states

> No contractor . . . shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration, or defect was due to any fault or insufficiency of the plans or specifications.

La. Stat. Ann. § 9:2771.

However, this immunity is not absolute. To avoid liability in a tort claim, "the contractor must prove either that the condition created was not hazardous or that it had no justifiable reason to believe that its adherence to the plans and specifications created a hazardous condition." *Mueller v. Bollinger Shipyards, Inc.*, No. CV 14-1172, 2015 WL 8769967, at *3 (E.D. La. Dec. 15, 2015) (quoting *Lyncker v. Design Eng'g, Inc.*, 2007-1522 (La. App. 4 Cir. 6/25/08), p. 4; 988 So. 2d 812, 815). This reflects the contractor's general duty "to exercise ordinary care and refrain from creating hazardous conditions in the fulfillment of its contractual obligations." *Id.* at *2 (quoting *Lyncker*, 988 So. 2d at 814).

### d. Worker's Compensation Under La. R.S. § 1032

5

Louisiana's worker's compensation statute provides that "[i]f an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated." La. Stat. Ann. § 23:1031. The statute also establishes that worker's compensation, if it applies, precludes other remedies:

> Except for intentional acts . . . the rights and remedies herein granted to an employee or his dependent on account of an injury . . . for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute . . .

La. Stat. Ann. § 23:1032A(1)(a).

However, the worker's compensation statute excludes those who are not employees but rather independent contractors:

> "Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.

La. Stat. Ann. § 23:1021(7). "Whether a worker is properly classified as an employee or an independent contractor is a factual question that must be resolved on a case-by-case basis." *Progressive Paloverde Ins. Co. v. Est. of Jenkins*, No. CV 19-12840, 2021 WL 707750, at *2 (E.D. La. Feb. 23, 2021) (citing *Tower Credit, Inc. v. Carpenter*, 2001-2875 (La. 9/4/02), 825 So. 2d 1125, 1129). "Louisiana courts utilize the 'control test' to determine a worker's employment status, which requires courts to inspect the degree of control over the work reserved by the principal." *Id.*

## IV.   DISCUSSION

### a. *Negligence Issues: Duty, Unreasonable Risk of Harm, Comparative Fault, and Intervening Causes*

#### i. *Existence of a Duty and Unreasonable Risk of Harm*

Defendants argue Plaintiff has not shown that Defendants owed a duty to Plaintiff, including any duty to warn him of the alleged hazard. R. Doc. 42-1 at 16-17. Defendants argue that the Masonite board on which Plaintiff allegedly tripped was an "open and obvious" hazard and thus required no warning. *Id.* at 17. Defendants claim that nothing in the area obstructed Plaintiff's vision and others were able to traverse the area without falling. *Id.* at 17, 20. Plaintiff argues that Defendants had a duty to mark or barricade the area because it posed an unreasonable risk of harm to passersby. R. Doc. 92 at 3. Plaintiff cites the Safety Manager's testimony that the uneven Masonite board created a trip hazard. *Id.*

The Court finds that there remain genuine disputes of fact as to whether the Masonite board was an open and obvious condition or an unreasonable trip hazard, which would give rise to a duty to warn.

#### ii. *Comparative Fault*

Defendants argue that Plaintiff's inattentiveness, despite his duty to notice safety issues at the construction site, caused him to fall, and that Plaintiff's comparative fault absolves Defendants of liability. R. Doc. 42-1 at 20. Plaintiff argues that the raised and unsecured Masonite board posed an unreasonable risk of harm, suggesting that Plaintiff may not have been able to avoid it even if he were being sufficiently attentive. R. Doc. 92 at 3.

The Court finds that there remains a genuine dispute as to whether Plaintiff's alleged inattentiveness caused his fall.

#### iii. *Intervening Causes*

Defendants argue that the actions of others working on the site created the conditions that caused Plaintiff's fall and that these actions were superceding, intervening causes that absolve Defendants of liability. R. Doc. 42-1 at 22. Specifically, Defendants argue that the employees of other companies, including Plaintiff's employer, had a duty to discover safety issues, and their failure to fix the Masonite or warn Plaintiff about it "constitutes an intervening superceding fault, which exonerates DDT." *Id.* at 22-23.

Plaintiff argues that Defendants have not produced sufficient evidence that other companies were responsible for the condition of the Masonite boards. R. Doc. 82 at 13-14. Plaintiff also argues that DDT was responsible for maintaining the Masonite boards and notes a DDT supervisor's testimony that he could not guarantee that none of his employees made mistakes with the Masonite. *Id.* at 14.

The Court finds that genuine disputes remain as to whether DDT was solely responsible for maintaining the Masonite or, if other companies were responsible for maintaining the Masonite, whether they failed to do so.

### b. *Contractor Immunity from Liability Under La. R.S. § 2771*

Defendants argue that DDT is immune from liability under La. R.S. § 9:2771 because it merely complied with plans made by other companies and had no reason to believe that following those plans would create a hazardous condition. R. Doc. 42-1 at 23. Defendants allege that the project plans, and the subcontract between DDT and the HGBM Joint Venture, called for the Masonite to be placed over the floor and taped as it was when Plaintiff fell. *Id.*

Plaintiff notes that immunity under § 2271 is not absolute and argues that DDT should have known that the Masonite was not securely taped down, creating a hazardous condition. R. Doc. 82 at 19. Plaintiff notes that witnesses who worked on the site have testified that the

Masonite was not securely taped and that DDT employees had been informed that it was a hazardous condition. *Id.*

The Court finds that a genuine dispute remains as to whether DDT knew or should have known that the Masonite boards created a hazardous condition, which would bar DDT from immunity under § 2271.

### c. *Worker's Compensation as an Exclusive Remedy Under La. R.S. § 1032*

Defendants argue that the exclusive remedy for Plaintiff's damages is worker's compensation under La. R.S. § 23:1032, and thus Plaintiff may not sue DDT for damages. R. Doc. 42-1 at 24. Defendants argue that Plaintiff is covered by the worker's compensation statute because he was an employee injured in an accident in the scope and course of his employment. *Id.*

Plaintiff argues that Plaintiff was not an employee but an independent contractor and thus is excluded from the worker's compensation statute. Plaintiff argues that he fit the definition of an independent contractor under La. R.S. § 23:1021(7) because a substantial part of his work was not manual labor and he had control over the means by which he carried out his work. R. Doc. 82 at 17.

The Court finds that genuine disputes remain as to what portion of Plaintiff's work was manual labor and how much control he had over the means of completing his work. These factual questions will determine whether Plaintiff was an independent contractor.

### V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment, R. Doc. 42, is **DENIED.**

New Orleans, Louisiana, this 14th day of July, 2021.

9

_____
UNITED STATES DISTRICT JUDGE